

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00327-CV

_____

IN THE INTEREST OF D.A.M. III, A CHILD

On Appeal from the 455th District Court
Travis County, Texas
Trial Court No. D-1-FM-23-004172, Honorable Laurie Eiserloh, Presiding

August 29, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Desmond Fields, Jr., appeals from the trial court's order granting Appellee, Maya Corio, sole managing conservatorship of their son, D.A.M.[1]  By a single issue, Fields contends the trial court lacked subject-matter jurisdiction because Texas was not the child's home state.  We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

**BACKGROUND**

Corio filed her original petition on June 1, 2023, identifying the child's county of residence as Travis County and alleging that no other court possessed continuing exclusive jurisdiction. Fields responded with a special appearance and plea to the jurisdiction, asserting the trial court lacked jurisdiction under Texas Family Code § 152.203. He also filed a counterpetition alleging the child resided in Lake County, Indiana.

By an amended petition, Corio additionally alleged that the trial court possessed emergency jurisdiction under Texas Family Code § 152.204. Although the record contains no transcript or order, the parties acknowledged at trial that the court had held a prior hearing on Fields's plea to the jurisdiction and overruled it. The trial court allowed Fields to re-urge his plea.

Fields argued his child was in Texas for only twenty-nine days before Corio's original petition and that the child's "home state" was Indiana because that is where he was born. He claimed the child never spent six consecutive months in Texas. Fields read from Corio's affidavit, which stated she moved to Texas in September 2021 but flew periodically to Indiana to allow Fields to visit the child. Importantly, the affidavit stated that the child had not been physically present in either state for six consecutive months.

Fields conceded that the State of Indiana did decline jurisdiction, but contends it was only for a month "because [he] had the dismissal attorney, and they closed the case down." Fields said he had refiled. He reiterated that the child was never in Texas for six consecutive months because the child would return to Indiana for visits. Fields also

pointed to a 2023 trip where he, Corio, and the child were in California from April 27 to May 3.

The trial court overruled Fields's renewed plea to the jurisdiction, heard evidence regarding custody and the child's best interest, and entered a final judgment. This appeal followed.

## ANALYSIS

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted by the Texas legislature as Chapter 152 of the Family Code, provides four scenarios under which a Texas court may exercise jurisdiction for an initial custody determination. *See* TEX. FAM. CODE. ANN. § 152.201(a). Among those scenarios is that Texas was the child's home state within six months before the custody proceeding commenced. *Id.* § 152.201(a)(1).

"Home state" is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7). The child's physical presence within the state is a primary consideration when determining the home state. *Powell v. Stover*, 165 S.W.3d 322, 328 (Tex. 2005). However, temporary absences are considered part of the consecutive period. *In re Lewin,* 149 S.W.3d 727, 739 (Tex. App.—Austin 2004, no pet.) ("Time spent away from a state during a temporary absence is counted as time in the state for the purposes of determining a child's 'home state.'").

Fields misinterprets how the UCCJEA applies to temporary absences. He argues that visits to Indiana and a brief trip to California disrupted the consecutive six-month

3

period required to establish Texas as the child's home state. Fields further contends that because the child was born in Indiana, that state remains his home state. Both arguments fail.

The record establishes that Corio moved to Texas with the child in September 2021, a fact Fields does not dispute. From that point forward, Texas became the child's established residence. Fields acknowledges this timeline but argues that the child's visits to Indiana and California broke the consecutive period required under § 152.102(7).

This argument is in conflict with settled law. In *Lewin*, the court explained that "time spent away from a state during a temporary absence is counted as time in the state for the purposes of determining a child's 'home state.'" 149 S.W.3d at 739. The visits to Indiana here were exactly what *Lewin* contemplated: visits by a child to see the non-custodial parent while maintaining an established residence elsewhere.

Fields misapplies *Powell*. In that case, a mother had lived in Tennessee for ten months but argued it should not be the home state because she subjectively intended to return to Texas. The Texas Supreme Court rejected this argument, holding that ten months of physical presence made Tennessee the home state regardless of the mother's claimed intentions. 165 S.W.3d at 326–28.

Here, Fields does not dispute that the child lived in Texas with Corio for nearly two years. He makes no argument suggesting that Corio was "trying out" Texas or intended to return to Indiana. Instead, he argues that brief visits to Indiana somehow broke the consecutive period required under the UCCJEA. But *Powell* said nothing about whether

4

brief absences interrupt consecutive time.  That question is more directly answered by *Lewin*, which holds they do not.

The trial court did not err in exercising jurisdiction to enter an initial custody determination.  We overrule Appellant's sole issue.

**CONCLUSION**

We affirm the trial court's judgment.

Lawrence M. Doss
Justice

5